## PEOPLE *v.* HARRISON.

CRIMINAL LAW—NEW TRIAL—AFFIDAVITS.

> Respondent, convicted of manslaughter committed in company of two others, was rightly denied a new trial on a motion supported by his affidavit and that of his brother, who had been also convicted, setting up facts contradictory of the testimony given at the trial, and at variance with sworn testimony of both affiants.

Error to Presque Isle; Emerick, J. Submitted April 18, 1912. (Docket No. 129.) Decided May 3, 1912.

Thomas Harrison was convicted of manslaughter. Affirmed.

*George A. Morris*, Prosecuting Attorney, for the people.

*Dafoe & Johnson*, for appellant.

BROOKE, J. The respondent, together with his brother, Omer Harrison, and George Heinhold, was jointly charged with the crime of murder. They were tried separately at the February, 1910, term of court. Omer Harrison was tried first and was convicted of manslaughter. Respondent, Thomas Harrison, was next tried, and likewise convicted of manslaughter. George Heinhold was then tried and acquitted. Neither respondent nor his brother went upon the stand in either trial, but upon the trial of respondent there was introduced by the people, without objection, the depositions of respondent and his brother taken at the inquest. These several depositions purported to give a true account of the affray so far as the facts were known to the affiants. No person, except the three charged with the commission of the crime, and their victim, had, or claimed to have, any knowledge of the facts. Respondent and each of his co-respondents gave a version of those facts under oath, which was presented to the trial court, and passed upon by the jury.

Peter Szapeszewski, the man who was killed, was questioned shortly before his death as to who had cut him up. He replied, "Omer Harrison, Tom Harrison, and another fellow" whose name he did not know. In May, 1910, this respondent made a motion for a new trial, supporting said motion with three affidavits, one made by himself, one by his brother Omer, and one by one Anthony Skirski, who had been a witness at the trial. The affidavit of respondent, as to the material facts in the case, did not differ much from the testimony given by him at the inquest and read without objection upon his trial. The new fact referred to in the affidavit of Skirski (who was not an eyewitness of the affray) could have no tendency

to establish the innocence of respondent. At most, it could only emphasize the fact (already sworn to by respondent and his two associates) that Szapeszewski sought the quarrel which led to his death, and that he did it with deliberation.

The affidavit of Omer Harrison is of a different character. In his testimony at the inquest he said:

"I did not see any one use a knife there that night. I did not have any knife in my possession at that time."

In his affidavit in support of his brother's motion for a new trial he says:

"He [Peter Szapeszewski] struck me a blow on the shoulder with what he had in his hands, and again struck me, striking my arm on the elbow. Heinhold then ran in and grabbed hold of what Peter had struck me with, and struggled with him to get it away. My brother Tom then ran in and grabbed hold of Peter, and about the same instant Heinhold got the picaroon away from Peter, and struck Peter with it, and Peter and Tom went down on the ground; Tom being underneath Peter. About this time Heinhold hollered he was stabbed, and I jerked out my knife and jumped on Peter, and stabbed him with the knife until he hollered, 'Enough.' I said: 'You have not got enough. I will give you enough.' I then got off of Peter and Tom. Heinhold pulled Peter off of Tom, and hit Peter with the picaroon."

The material facts as here set forth are utterly at variance with those testified to by Omer Harrison at the inquest. He is a perjurer, not only by inference, but by direct confession as well. If the statements contained in this affidavit are true, Heinhold should have been convicted if any one of the three was guilty, for the evidence tends to show that the wounds inflicted by means of the picaroon were much the more serious. He carefully refrained from disclosing what he now claims to be the truth so long as such disclosure could imperil himself or either of his companions.

Now that Heinhold is acquitted, and he himself convicted, largely upon Heinhold's testimony, he revises his

testimony in the hope that his brother, the respondent, may be benefited thereby. In disposing of the motion for a new trial, the learned circuit judge said:

"I place no reliance upon the statements of Omer Harrison and respondent in their affidavits upon which this motion is founded."

There is neither objection nor exception in the entire record of the trial. The sole error assigned is that the court erred in denying respondent's motion for a new trial.

It is urged by respondent that the affidavits in support of his motion show a series of uncontradicted facts which would establish his innocence. Every fact stated in either of the affidavits of the brothers Harrison was before the jury at the trial, or is contradicted by testimony in the case. Omer Harrison's present story is contradicted, first, by himself, and, secondly, by the testimony of Heinhold, who was sworn by this respondent in his (respondent's) own defense. It is further discredited by the *ante-mortem* statement of the deceased, who said that he was cut up by Omer Harrison, Tom Harrison, and another fellow. The fact that the testimony given at the trial was not again placed before the judge upon the hearing of the motion for a new trial is of no consequence. He himself had heard it, and knew in what respects it differed from that offered by the affidavits. There is no doubt that the circuit judge might, in the exercise of his discretion, have granted a new trial upon the claim of newly discovered evidence. The authorities pertinent to this question cited on behalf of respondent go no farther than to support this proposition. In the absence of abuse of that discretion, this court should not interfere.

We quite agree with the opinion of the learned circuit judge, and his order overruling the motion for a new trial stands affirmed.

MOORE, C. J., and STEERE, MCALVAY, BLAIR, STONE, and OSTRANDER, JJ., concurred. BIRD, J., did not sit.